RED STAR TOWING & TRANSPORTA-
TION COMPANY, as Owner of the
BARGE RED STAR NO. 70, Red Star
Barge Line, Inc., as Owner of the
BARGE RED STAR NO. 72 and Col-
lege Point Dry Dock & Supply Co., Inc.,
as Owner of the BARGE RED STAR
NO. 73, Plaintiffs-Cross-Appellants,

v.

The TUG CATHERINE, her engines, etc.,
Helen B. Inc., Bronx Towing Line,
Inc., Defendants-Appellants,

and

M/S PHILIPPINE PRESIDENT OS-
MENA, her engines, etc., and United
Philippine Lines, Defendants-Appellees.

NATIONAL DEVELOPMENT COMPA-
NY, as Owner and United Philippine
Lines, as Operator of M/S Philippine
President Osmena, Plaintiffs-Appellees,

v.

TUG CATHERINE, her engines, etc. and
Helen B. Inc., and Bronx Towing Line,
Inc., Defendants-Appellants.

Nos. 16, 17, Dockets 34400, 34401.

United States Court of Appeals,
Second Circuit.

Argued Sept. 15, 1970.

Decided Sept. 16, 1970.

Christopher E. Heckman, Richard E.
Meyer, McHugh, Heckman, Smith &
Leonard, New York City, for plaintiffs-
cross-appellants.

Louis P. Sheinbaum, Bigham, Englar,
Jones & Houston, New York City, for de-
fendants-appellants.

Joseph M. Brush, Nicholas Milano,
Cichanowicz & Callan, New York City,
for appellees.

Before WATERMAN, MOORE and
KAUFMAN, Circuit Judges.

PER CURIAM:

A collision occurred in the Kill Van
Kull between the *M/S Philippine Presi-
dent Osmena,* an ocean-going vessel, and
Barge Red Star No. 70. The Barge, to-
gether with Barge Red Star No. 72 and
Barge Red Star No. 73 were being towed
by the *Tug Catherine.* The two first-
named barges, loaded, were on the tug's
starboard side, one behind the other, and
were held to have been damaged in the
collision. The *Osmena* also suffered
damage. No. 73, light, was on the tug's
port side and was not found to have been
damaged.

The owners of the barges filed their li-
bel against the tug and its owners and
the *Osmena* and its operator. The own-
er and operator of the *Osmena* in a sepa-
rate proceeding filed their libel against
the tug and its owners.

The two proceedings were consolidated
below and, after hearing, Judge Bonsal
in a careful opinion held that the *Tug
Catherine* was at fault and that her fault
was the sole cause of the collision. Dam-
ages were awarded against the owners

of the tug for the loss found to have been suffered by the owners of barges 70 and 72 and an award was made to the owner and operator of the *Osmena* for the damages occasioned to the *Osmena*.

The *Catherine* appeals in each case and the two appeals were consolidated for action in this court.

The barge owners cross-appealed in their case against the *Catherine*. They maintain that the damage award to them was inadequate, for the district court denied their claims to be recompensed for alleged business losses caused by the detention of the barges following the collision.

We agree with the results reached by the judge below and we affirm the judgment entered in the district court on Judge Bonsal's opinion.